### State of Vermont v. Coryell E. Simpson

[592 A.2d 891]

No. 89-426

Present: Allen, C.J., Gibson, Dooley and Morse, JJ., and Peck, J. (Ret.),
Specially Assigned

Opinion Filed April 12, 1991

*Philip R. Danielson,* Chittenden County Deputy State's Attorney, and *Michael Kurt,* Law Clerk (On the Brief), Burlington, for Plaintiff-Appellant.

*Walter M. Morris, Jr.,* Defender General, and *David J. Williams,* Appellate Attorney, Montpelier, for Defendant-Appellee.

**Morse, J.** The State appeals dismissal of charges against defendant for selling marijuana, arguing that his federal due process rights were not violated when an informant suggested that she could buy drugs from defendant and then did so on a contingent-fee basis as an agent of the police. We agree and therefore reverse.

In the late summer of 1988, a woman approached a Burlington police officer with the idea of becoming a "cooperating individual," or informant, in drug cases. The would-be informant named five people from whom she thought she could buy drugs. She was hired, with the condition that successful buys would entitle her to unspecified compensation. On September 2, 1988, the informant was searched and equipped with a body wire. She then bought marijuana from defendant. After turning her buy over to the police, she was paid $25. During the next ten days, this procedure was repeated twice, and her drug buys from defendant were duly compensated by the police. Defendant moved to dismiss the three drug charges on grounds that

his federal due process rights had been violated. Relying on *Williamson v. United States*, 311 F.2d 441, 444 (5th Cir. 1962), *United States v. Cresta*, 825 F.2d 538, 548 (1st Cir. 1987), and *United States v. Risken*, 788 F.2d 1361, 1373–74 (8th Cir. 1986), the trial court agreed, ruling that the combination of "pre-targeting" and the contingency fee arrangement violated due process.

At the outset we note that only *Williamson*, a case universally rejected by other federal courts and subsequently overruled by the fifth circuit, *United States v. Cervantes-Pacheco*, 826 F.2d 310, 316 (5th Cir. 1987), stands for the proposition that the payment of a contingent fee to an informant is a per se violation of due process. *Cresta* holds that contingent fees are permissible where appropriate safeguards are observed to prevent abuses. 825 F.2d at 545–47. The federal circuits uniformly agree. *United States v. King*, 803 F.2d 387, 391 (8th Cir. 1986); *United States v. Hodge*, 594 F.2d 1163, 1166–67 (7th Cir. 1979); *United States v. Jones*, 575 F.2d 81, 85–86 (6th Cir. 1978). See also *People v. Mills*, 40 Ill. 2d 4, 18, 237 N.E.2d 697, 705 (1968) (contingent fee payments to informers in narcotics cases are permissible). *Risken* goes even further than *Cresta*, holding that fees contingent on conviction—rather than on "cooperation" with law enforcement officers—do not violate due process, as long as defendant is not pretargeted. 788 F.2d at 1374.

No overriding policy requires us to disallow the use of a paid informant in this case. Informants are usually self-interested, whether the inducement is money or leniency in a criminal case. Even an undercover police officer acting as an informant might be motivated by a desire to enhance a professional record. But in either case, defendant is afforded an opportunity to impeach the informant's credibility at trial. As the court reasoned in *Cresta*,

> testimony of interested informants is not so inherently unreliable that it must be excluded. Frequently, insiders are the only source of information about criminal activity, and the government has a legitimate law enforcement interest in procuring their cooperation. While the risk of perjury is recognized, courts have chosen to rely upon cross-examination to ferret out any false testimony. Rather than adopting an exclusionary rule, courts have chosen to leave the mat-

ter to the jury to consider in weighing the credibility of informant.

825 F.2d at 546 (citations omitted). See also *Cervantes-Pacheco*, 826 F.2d at 315 (jury to evaluate credibility of paid informant).

■ Thus, the only issue here is whether the police improperly used a contingent-fee arrangement to implicate a *pretargeted* individual. Concerns about pretargeting arise when the government chooses an individual, lacking prior knowledge of his or her criminal activity, and pays an informant to convict that individual. *Cresta*, 825 F.2d at 548, and cases cited therein. Pretargeting, however, does not always generate due process concerns. See, e.g., *Harris v. United States*, 400 F.2d 264, 266 (5th Cir. 1968) (pretargeting is permissible where the government has prior reasonable suspicion of defendant's alleged criminal activity).

■■ The usual focus of a pretargeting analysis is government overreaching. *United States v. Yater*, 756 F.2d 1058, 1067 (5th Cir. 1985) (due process not violated unless "the government directs the informant to implicate government-pretargeted specific defendants"). But in this case, the government did not pretarget defendant. Rather, he became a target when the informant approached the Burlington police and named him along with others as individuals from whom she knew she could purchase drugs. There is no evidence that the police had any prior knowledge about defendant. The informant's accusation, while possibly insufficient to establish probable cause to arrest defendant, was certainly cause to investigate him.

■ Even though this is not strictly a pretargeting situation, it still manifests a potentially troubling combination of elements. The informant fingered defendant and then convinced the police to pay her to gather evidence to implicate him. She played a big part in building the case against defendant, and the possibility of a "frame up" certainly existed. But to the extent that the informant may have been attempting to frame defendant, the police took sufficient precautions. Using a body wire, the police monitored the transactions between the defendant and the informant. Moreover, the informant was searched before and after the transaction, and she was debriefed after the

transactions and all drugs were turned over to the police. Defendant has no quarrel with the behavior of the police after he was targeted by the informant. We cannot conclude that under these circumstances defendant was denied his federal due process rights.

*Reversed and remanded.*